X FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 1 5 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_______________ DEPUTY

Jason Adam Jensen, Pro Se
919 North Stone Ave #5305
Tucson, AZ 85705
jasonajensen@gmail.com
402-598-1285

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

CV25-03378-PHX-DJH

| | |
|---|---|
| JASON ADAM JENSEN,<br>Plaintiff,<br><br>v.<br><br>BEST WESTERN INTERNATIONAL, INC.<br>a/k/a BWH HOTELS,<br>Defendant. | Case No.: CV-25-________-_____-_______<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCivP 5.4
(Rule Number/Section)

Plaintiff Jason Adam Jensen, appearing pro se, files this Complaint against Defendant Best Western International, Inc. ("Best Western" or "Defendant") and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution of the United States and federal law, specifically the Lanham Act, 15 U.S.C. § 1051 et seq.
2. Venue is proper in the District of Arizona, Phoenix Division, pursuant to 28 U.S.C. § 1391, as Defendant resides in this district.

## II. PARTIES

3. Plaintiff Jason Adam Jensen is an individual proceeding pro se and a resident of Tucson, Arizona.
4. Defendant Best Western International, Inc., also known as BWH Hotels, is a corporation that franchises hotels under the "Best Western" trademark. Its principal place of business is located at 6201 N 24th Parkway, Phoenix, AZ 85016, and it is doing business in the State of Arizona.

## III. FACTUAL ALLEGATIONS

5. On or about July 28, 2025, Plaintiff initiated an arbitration against Best Western with the American Arbitration Association (AAA), Case No. 01-25-0003-5715, based on the arbitration clause in Best Western's Rewards program terms and conditions.
6. The arbitration clause is a contract of adhesion, as Plaintiff had no power to bargain for its removal or alteration.
7. The underlying dispute concerns a stay at a Best Western branded hotel in Deming, New Mexico, where Plaintiff alleges theft of his personal property and subsequent harassment by hotel staff, as well as the hotel's refusal to return personal property accidentally left behind.
8. As a direct result of these events, Plaintiff suffered damages, including financial loss of property and emotional distress.
9. The AAA acknowledged the filing and requested that Best Western pay its portion of the arbitration fees.
10. On or about September 11, 2025, Best Western, through its counsel, sent a letter to the AAA stating that it "declines to participate in this arbitration proceeding" and "will not pay the required filing fees." (See Exhibit A, Letter from BWH Hotels to AAA, Sept. 11, 2025).

11. In that same letter, Best Western explicitly disclaimed responsibility for the actions of its branded hotels, stating, "Best Western® branded hotels are independently owned and operated... Best Western does not own or operate the Hotel, nor is it responsible for the actions of Hotel employees or any claims of theft by the Hotel or its staff."

12. Best Western's refusal to participate in the arbitration is a material breach of the arbitration agreement it compelled Plaintiff to accept in its form contract.

13. Furthermore, Best Western's claim that it is not responsible for the day-to-day operations, maintenance, safety, and security of its branded hotels is an admission of a complete failure of quality control over its licensees.

14. This failure of quality control constitutes naked licensing in violation of the Lanham Act, as it breaks the fundamental link between the "Best Western" trademark and the public's expectation of a consistent, quality experience.

## IV. CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT AND WAIVER OF ARBITRATION

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

16. Plaintiff and Defendant entered into a valid arbitration agreement as a term of the Best Western Rewards program.

17. Plaintiff fulfilled his contractual duty by initiating an arbitration action with the AAA.

18. Defendant breached the arbitration agreement by refusing to participate in the arbitration and pay the required fees.

19. Defendant's breach and conduct, including its refusal to participate in the designated forum, constitutes a waiver of its right to compel arbitration of this dispute.

**COUNT II: NAKED LICENSING AND VIOLATION OF THE LANHAM ACT**

1. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above.
2. The "Best Western" mark is a federally registered trademark that grants the holder a limited monopoly in exchange for a public duty to ensure consistent quality of the goods and services offered under that mark.
3. Defendant has admitted, in writing, that it does not exercise control over the quality of service, security, or day-to-day operations of its branded hotels.
4. This admission demonstrates that Best Western is engaging in naked licensing, thereby abandoning its public duty as a trademark holder.
5. This naked licensing harms the public by creating a deceptive marketplace and misrepresenting the true nature of the services offered under the "Best Western" mark.

**COUNT III: NEGLIGENCE**

1. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24 above.
2. Defendant owed a duty of care to Plaintiff and other consumers to ensure a consistent and safe experience under its branded mark.
3. Defendant breached this duty by failing to exercise adequate control over its licensee, resulting in the hostile and unsafe environment that led to the theft of Plaintiff's property and other damages.
4. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and continues to suffer damages, including financial loss and emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant, granting the following relief:

a. A declaratory judgment that Best Western has breached the arbitration agreement and has waived its right to compel arbitration. b. A declaratory judgment that Best Western has engaged in naked licensing and has abandoned its trademark rights. c. A permanent injunction preventing Best Western from enforcing its arbitration clause against Plaintiff for this dispute. d. An order allowing this case to proceed to trial in a public forum. e. Compensatory damages for all financial losses, including the value of stolen property, emotional distress, and the fees and expenses incurred in the arbitration process, in an amount to be proven at trial. f. Punitive and exemplary damages for Defendant's willful and wanton conduct. g. Such other and further relief as the Court deems just and proper.

## VI. SIGNATURE BLOCK

Respectfully submitted,

Dated: September 11, 2025

/s/ Jason Adam Jensen

Jason Adam Jensen, Pro Se
919 North Stone Ave #5305
Tucson, AZ 85705
402-598-1285
jasonajensen@gmail.com

### CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

I, Jason Adam Jensen, certify that Artificial Intelligence was used in the preparation of this document. I have reviewed and verified the accuracy and appropriateness of the AI-generated content and take full responsibility for it as if it were my own work. This system is designed to

take evidence uploaded, statements made, and claims alleged to draft a legal document on point based on the regulatory documents for universal access to the law.

This document was drafted or prepared with the assistance of an AI system operating under a framework with a functional description located at https://github.com/TemperedEnterprises/DistrictOfArizonaAIRegulatory. The use of this system to draft this document is grounded in my own instructions and intent.

/s/ Jason Adam Jensen

Jason Adam Jensen

# Exhibit A

BWH® Hotels

***Sent via e-mail***

September 11, 2025

American Arbitration Association
Consumer Filing Team
1101 Laurel Oak Road
Voorhees, New Jersey 08043
ConsumerFiling@adr.org

***Re: Case Number: 01-25-0003-5715***

Dear Consumer Filing Team,

Best Western International, Inc. ("Best Western") respectfully submits this response to the American Arbitration Association's ("AAA") letter dated August 26, 2025 regarding Case Number 01-25-0003-5715, Jason Adam Jensen v. Best Western. Claimant Jason Adam Jensen ("Claimant" or "Jensen") filed this case on or about July 28, 2025 citing Best Western's Terms and Conditions for its rewards program, Best Western Rewards® ("BWR®"). The purported factual basis for Claimant's claim has no relation to the BWR program. Claimant's claim relates to an allegation that his glasses were stolen during his stay at a hotel located at 1500 W Pine Street in Deming, New Mexico known as the Best Western Deming Southwest Inn (the "Hotel").

Your letter ignores that this claim is not related to Best Western's BWR program but notes that any consumer agreements with mandatory AAA arbitration clauses, such as the BWR Terms and Conditions, are required to be registered with the AAA at a registration fee of $600. You further describe the registration and review process and associated fees. Your letter asks Best Western to register its arbitration clause in its BWR Terms and Conditions with the AAA and states that failure to do so will result in the AAA declining to administer Claimant's claims. We will consider your request as to registration and appreciate your providing details as to how to register any arbitration clauses.

As to Jensen's claim, however, Best Western asks that the AAA decline to administer Claimant's claim in this matter because (i) his claims are not within the scope of any contract with an arbitration clause and not within the scope of the clause he relies on with respect to the BWR program, and (ii) you do not have jurisdiction over the allegations. As you know, Mr. Jensen's claim with the AAA relates to his stay at the Hotel. Specifically, Mr. Jensen seeks the following relief: (1) monetary relief related to the prescription glasses allegedly stolen by a Hotel employee, (2) declaratory relief under the Lanham Act that Best Western engaged in naked licensing of its trademark, and (3) return of the property he left at the Hotel.

As noted, the purported contract that Jensen cited in his initial filling is the BWR program terms and conditions. The mandatory AAA arbitration clause in the BWR terms and conditions only applies to disputes arising under or related to the BWR terms and conditions themselves or a consumer's participation in the BWR program. None of Mr. Jensen's claims are arising out of his participation in the BWR program, and instead, they relate to Mr. Jensen's stay at the Hotel and the alleged theft of his glasses and loss of his other property.

For background, please understand that Best Western® branded hotels are independently owned and operated and separate and distinct businesses from Best Western. The owners of the Hotel – as with the

owners of other Best Western branded hotels – exercise absolute control over the day-to-day operations of their property, including but not limited to, property management, property maintenance, safety, security, cleanliness, customer service, guest accommodations, employment decisions, and compliance with all laws. Best Western does not own or operate the Hotel, nor is it responsible for the actions of Hotel employees or any claims of theft by the Hotel or its staff. Thus, Best Western is not the proper party for Mr. Jensen's claim relating to his stay and allegation of theft at the Hotel, the BWR terms and conditions are not a governing contract in this dispute, and the AAA is not the appropriate administrator for the dispute. The appropriate forum for Mr. Jensen to pursue his claims against the Hotel is in small claims court or another court of competent jurisdiction.

Further, one of Mr. Jensen's claims involves allegations under the Lanham Act, a federal statute, that Best Western engaged in "naked licensing" of its trademark. Federal courts have exclusive jurisdiction over this claim. The AAA does not have jurisdiction to administer claims arising under the Lanham Act (or any other federal law requiring exclusive jurisdiction in a federal court), and arbitration is likewise not an appropriate forum for resolution of the Lanham Act claim.

Accordingly, Best Western declines to participate in this arbitration proceeding, will not pay the requested filing or expedited review fees, and does not consent to waive any provisions of its arbitration clause in the BWR terms and conditions. As noted, Best Western will review whether its BWR arbitration clause should be submitted to the AAA's Registry. If we determine that registration is appropriate, we will request the AAA's review and pay any associated fees at that time. But as to Jensen's claim, the AAA should decline to administer it.

Should you wish to discuss this matter further, please contact me.

Sincerely,

Caroline C. Haspel

Caroline C. Haspel
Corporate Counsel
Best Western International, Inc.

Enclosure (Invoice for Case # 01-25-0003-5715; Letter from AAA dated August 26, 2025)

Cc: Jason Adam Jensen (jasonajensen@gmail.com)

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road
Suite 100
Voorhees, NJ 08043

| Invoice Due Date |
|---|
| 25-Sep-2025 |
| **Invoice Balance** |
| $800.00 |
| **Case #** |
| 01-25-0003-5715 |

Unless instructed otherwise, invoice balance due upon receipt

# Invoice

Best Western
6201 North 24th Parkway
Phoenix, AZ 85016
Via Mail and Email to: custserv@cs.bestwestern.com

Representing:

Best Western

In the matter of:

Case Number: 01-25-0003-5715

Jason Adam Jensen
-vs-
Best Western

| Invoice Date | Case # | Description | Amount |
|---|---|---|---|
| 26-Aug-2025 | 01-25-0003-5715 | Your Share of Filing Fees | $800.00 |

A secured Paylink with instructions to submit payment by e-check or credit card was previously provided in an email. If you need the Paylink resent, please email your request to: ConsumerFiling@adr.org

Please note that where permitted by law, a 2.6% processing fee will be assessed on payments made by credit card; all such processing fees are non-refundable, regardless of whether AAA fees are later refunded in full or in part. Please note that we no longer accept the American Express card. There is no processing fee for payments made by e-check or debit cards.

If paying by physical check, please make payable to American Arbitration Association, reference your case number with the payment, and send payment and a copy of this invoice via a trackable delivery service to:

American Arbitration Association
1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

EIN # 13-0429745

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road
Suite 100
Voorhees, NJ 08043

August 26, 2025

Jason Adam Jensen
919 North Stone Avenue
#5305
Tucson, AZ 85705
Via Email to: Jasonajensen@gmail.com

Best Western
6201 North 24th Parkway
Phoenix, AZ 85016
Via Mail and Email to: custserv@cs.bestwestern.com

**Case Number: 01-25-0003-5715**

**Jason Adam Jensen**
**-vs-**
**Best Western**

Dear Parties:

The Claimant has filed with us a Demand for Arbitration. The American Arbitration Association ("AAA") has determined that this arbitration arises out of a consumer agreement and, as such, the Consumer Arbitration Rules ("Consumer Rules") apply to this dispute. The Consumer Rules may be found on our website at www.adr.org.

Under R-12 of the Consumer Rules, businesses that provide for AAA arbitration in a consumer contract are obligated to submit their current or proposed consumer agreements to the AAA for review and inclusion on the Consumer Clause Registry ("Registry"). The AAA reviews the agreement for material compliance with the due process standards of the Consumer Due Process Protocol ("Protocol") and the Consumer Rules. The AAA's review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute.

This business has not previously submitted its consumer arbitration clause for review. As such, the AAA will review the clause for this matter on an expedited basis. The additional fee for this expedited review is $300, payable by the business.

**The business is also directed to submit its current consumer arbitration clause for inclusion on the Registry at** https://www.adr.org/Consumer at which time the business will also incur a $600 Registry fee. Once the business' clause is registered, it will no longer be assessed the $300 additional expedited review fee on each consumer case filed.

For cases proceeding under the Consumer Rules, the AAA reviews the relevant arbitration agreement for material compliance with the due process standards of the Consumer Due Process Protocol ("Protocol") and the Consumer Rules. The AAA's review is administrative; it is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable, nor is it a determination regarding the arbitrability of the dispute. We note that the arbitration provision has a material or substantial deviation from the Consumer Rules and/or Protocol. Specifically, the provision states:

*... (a) the arbitration shall be conducted solely based on written submission; and (b) the arbitration shall not involve any personal appearance by the parties or witnesses unless otherwise mutually agreed by the parties.*

The above provision violates Principle 12: Arbitration Hearings. If a party believes that there are additional conflicts with the Protocol and/or Consumer Rules, those issues may be brought before the arbitrator once one has been appointed.

However, so that we may commence administration of this matter, **we are requesting that the business waive the above provision(s) and agree to have this matter and any future consumer arbitrations filed under this agreement administered under the Consumer Rules and in compliance with the Protocol**. Please confirm your agreement to waive the above-quoted provision by signing and dating below and returning a copy of this letter. Absent receipt of the requested waiver, the AAA will decline to administer this dispute and possibly any future consumer arbitrations involving this business. Please note that pursuant to the R-10(b) of the Consumer Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution. In addition, Rule R-9 states either party may choose to take the claim to small claims court if the claim is within the jurisdiction of that court.

____________________________________ ___________________________

**Business (authorized representative)** **Date**

**This business has previously indicated that it is willing to have all consumer-related disputes heard in accordance with the Consumer Rules and Protocol. Accordingly, we are proceeding on that basis.**

We note the arbitration agreement refers to the "number of arbitrators shall be three (3)". Therefore, under the Consumer Rules, the consumer pays a filing fee of $225 and the business pays a filing fee of $500 for a panel of three arbitrators. We received the consumer's $225 portion of the filing fee. So that the filing requirements are complete, **the business is requested to submit filing fees of $500 and the expedited consumer clause review fee of $300, totaling $800**.

**Please note payment should be submitted by credit card or electronic check. Please confirm the email address AAA may send a secured Paylink with instructions to submit payment via either method**. In the event, a check is the only method that you can provide payment, please make the check payable to the American Arbitration Association and include a reference to the case number. Checks should be mailed to 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043. In the event that payment is being made by a third party, such as an insurance company, please request that payment be sent directly to the business' representative. The business' representative should then forward payment to the AAA in accordance with the foregoing instructions.

**The requested payment and waiver should be received from the business no later than September 25, 2025** or the AAA may decline to administer this dispute if the business does not timely respond. **Please be advised this is the final due date for the requested above.**

It should be noted that the consumer's satisfaction of the filing requirements triggers the business' obligation to promptly pay its share of the filing fees under the rules and the business may owe all or a portion of the filing fees even if the matter is settled or withdrawn. The AAA will refund any overpayments received from the consumer with the filing.

Referring to Rule R-9 of the Consumer Arbitration Rules, if a party's claim is within the jurisdiction of a small claims court, either party may choose to exercise the small claims option. If either party would like this matter decided by a small claims court, please send your written request to the Consumer Filing Team and copy all other parties.

No answering statement or counterclaim is due at this time. The parties will be notified of the applicable deadlines upon satisfaction of all the filing requirements.

**PLEASE NOTE: The parties will not be able to view the case on the AAA dashboard until all of the filing requirements from both parties have been met and it has been assigned to a case manager. Once it is assigned to a case manager, the parties will be able to see the case on the website when you log in.**

Please note all communication for this matter will be in writing. If you have any questions, please send us an e-mail.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org
Fax: (877)304-8457