**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Adam Jensen,<br><br>Plaintiff,<br><br>v.<br><br>Best Western International Incorporated,<br><br>Defendant. | **Case No. CV-25-03378-PHX-DJH**<br><br>**Hon. Diane J. Humetewa** |

**PLAINTIFF'S MOTION FOR ORDER DIRECTING SERVICE BY UNITED STATES MARSHAL, FOR COST-SHIFTING UNDER FED. R. CIV. P. 4(d)(2), AND FOR EXTENSION OF SERVICE DEADLINE**

Plaintiff Jason Adam Jensen, appearing pro se, respectfully moves this Court for an order (1) directing that service of the Summons and Complaint on Defendant Best Western International, Inc. ("Best Western") be made by the United States Marshals Service pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d); (2) requiring Best Western to bear the costs of that service pursuant to Fed. R. Civ. P. 4(d)(2); and (3) extending the September 15, 2026 proof-of-service deadline set in this Court's June 18, 2026 Order (Doc. 13) as to Best Western specifically, pending completion of Marshal service. In support, Plaintiff states as follows.

**I. INTRODUCTION**

Plaintiff was granted leave to proceed in forma pauperis on June 17, 2026 (Doc. 12). Plaintiff attempted, in good faith, to obtain a waiver of service from Best Western under Fed. R. Civ. P. 4(d) rather than immediately requesting Marshal service. Best Western's own in-house counsel has had direct, actual, and repeated notice of this action — by certified mail, by email correspondence spanning more than a month, and by a telephone call counsel herself placed regarding matters connected to this litigation — yet Best Western has neither returned the waiver nor otherwise responded to Plaintiff's repeated written requests. That refusal has left Plaintiff, an indigent pro se litigant proceeding IFP, facing the prospect of paying over $100 in private process-server and associated document fees to accomplish what Best Western could have avoided at no cost to either party. Marshal service, cost-shifting, and a corresponding extension of the service deadline are warranted.

## II. FACTUAL BACKGROUND

### A. IFP Status and the Court's Order Governing Proceedings

On June 17, 2026, this Court granted Plaintiff's renewed Application to Proceed in Forma Pauperis and directed that Plaintiff "shall be responsible for service by waiver or of the Summons and the Complaint." (Doc. 12 at 3.) On June 18, 2026, the Court issued its Order Governing Proceedings, requiring proof of service or waiver of service to be filed no later than September 15, 2026, after which any unserved defendant is subject to termination under Fed. R. Civ. P. 4(m) without further notice. (Doc. 13 at 1–2.)

### B. Plaintiff's Good-Faith Attempt to Obtain a Waiver of Service

On June 18, 2026, Plaintiff mailed Best Western's registered statutory agent, Corporation Service Company, a Notice of a Lawsuit and Request to Waive Service of a Summons (AO 398), a Waiver of the Service of Summons form (AO 399), the Complaint, this Court's Order granting IFP status (Doc. 12), and this Court's Order Governing Proceedings (Doc. 13), by both first-class mail and certified mail. (Ex. C, USPS Receipt dated 6/18/2026.) The certified mail tracking number 9589 0710 5270 3287 4640 50 confirms delivery to the front desk/reception area at Corporation Service Company's address, 7955 S Priest Dr., Suite 102, Tempe, AZ 85284, at 8:46 a.m. on June 22, 2026. (Ex. D, USPS Tracking confirmation.) Plaintiff separately emailed the same documents that day to Best Western's in-house paralegal and filed a Notice of Compliance with the Court.

Thirty days from the date of mailing — the period Rule 4(d)(1)(F) allows a domestic defendant to return a waiver — expired on July 18, 2026. As of the filing of this motion, no waiver has been returned.

**C. Best Western's Actual Notice and Repeated Non-Response**

Best Western has been directly aware of this litigation and its duty under Rule 4 throughout this period. On July 6, 2026, Plaintiff emailed Best Western's corporate counsel, Caroline Carmer Haspel, Corporate Counsel for BWH Hotels, asking her to confirm she was willing to accept waiver of service. That same day, Ms. Haspel telephoned a number she believed belonged to Plaintiff's father to inquire about a matter related to Plaintiff's prior stay at a Best Western property. According to a recorded transcript of that call in Plaintiff's possession, when asked

whose father she was calling for, Ms. Haspel responded: “Yeah, my name is Caroline Haspel and I'm, I guess, a relative of him.” She did not identify herself as counsel for Best Western at any point during the call.

Plaintiff notified Ms. Haspel in writing the same evening that this representation implicated Arizona Rules of Professional Conduct ER 4.1(a) and ER 8.4(c). Ms. Haspel responded the next day disputing Plaintiff's account and asserting she had identified herself “as an employee of Best Western International, Inc.” and never as a relative. Plaintiff replied with the recording and transcript attached, and again asked Ms. Haspel to return the Rule 4 waiver or, in the alternative, to file a notice of appearance on Best Western's behalf. On July 23, 2026, Plaintiff followed up a final time, asking whether the waiver had been returned or whether he would need to seek Marshal service. Best Western has not returned the waiver, has not filed a notice of appearance, and has not otherwise responded.

This sequence establishes that Best Western and its counsel had actual, direct, and repeated notice of this lawsuit — through certified mail delivered to its statutory agent, through more than a month of email correspondence with its own personnel, and through a telephone call its own corporate counsel placed in connection with matters arising from the underlying dispute. Best Western's failure to return the waiver is not attributable to any lack of notice; it reflects a choice not to cooperate with the waiver process Rule 4(d) is designed to encourage.

**D. The Cost of Formal Service**

Absent a waiver, Plaintiff must now complete formal service under Fed. R. Civ. P. 4(h). Obtaining formal service through a private process server, together with associated document and filing fees, is reasonably estimated to exceed $100 — an expense Plaintiff, who is proceeding in forma pauperis based on a judicial finding of inability to pay, should not have to bear where Best Western's own refusal to cooperate with Rule 4(d) created the need for it.

**E. Summons and Process Receipt and Return Prepared for Marshal Service**

Plaintiff has completed the Summons in a Civil Action for issuance by the Clerk of Court (Ex. A) and the Process Receipt and Return, Form USM-285 (Ex. B), identifying Best Western's statutory agent, Corporation Service Company, and its verified physical address for service. Both are submitted concurrently with this motion so that, upon the Court's order, service may proceed without further delay.

**III. LEGAL ARGUMENT**

**A. Marshal Service Is Mandatory Once Requested by an IFP Plaintiff**

Federal Rule of Civil Procedure 4(c)(3) provides that “[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal,” and that “[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.” Fed. R. Civ. P. 4(c)(3) (emphasis added). Section 1915(d) is equally direct: “[t]he officers of the court shall issue and serve all process” in actions where a plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(d). Once an IFP plaintiff makes the request, this mandatory language

requires the Court to so order. See Mallard v. United States Dist. Court for S.D. Iowa, 490 U.S. 296, 302 (1989) (Congress "knew how to require service when it deemed compulsory service appropriate").

Doc. 12 assigned Plaintiff responsibility for service because no Rule 4(c)(3) request was before the Court at that time; it did not adjudicate or foreclose such a request. This motion is that request. Because Plaintiff's IFP status was granted on June 17, 2026 (Doc. 12), Rule 4(c)(3)'s mandatory language now requires the Court to order service by the United States Marshals Service.

**B. Best Western Should Bear the Costs of Service Under Rule 4(d)(2)**

Rule 4(d)(1) imposes a duty on a defendant subject to service under Rule 4(h) to avoid the unnecessary expense of formal service by waiving it. Fed. R. Civ. P. 4(d)(1). Where a defendant fails to do so without good cause, Rule 4(d)(2) requires the Court to impose "the expenses later incurred in making service" on the defendant. Fed. R. Civ. P. 4(d)(2)(A). Best Western is a corporation subject to service under Rule 4(h), and therefore had a duty under Rule 4(d)(1) to avoid unnecessary service expenses by returning a properly transmitted waiver request. Best Western had actual notice of this suit — delivered to its statutory agent by certified mail, confirmed by its own counsel's correspondence, and further confirmed by that same counsel's direct telephone contact regarding matters connected to this litigation — yet allowed the 30-day waiver period to lapse without response and has identified no good cause for its failure to waive service.

Because Marshal service is now required upon Plaintiff's request under Rule 4(c)(3), the resulting service expenses will constitute “expenses later incurred in making service” within the meaning of Rule 4(d)(2)(A). Plaintiff requests that the Court direct Best Western to bear those expenses once assessed by the United States Marshals Service under the fee schedule set by 28 C.F.R. § 0.114 and 28 U.S.C. § 1921, and to reimburse Plaintiff for any related amount he is required to advance in connection with that service.

**C. The Service Deadline Should Be Extended as to Best Western Pending Marshal Service**

The Ninth Circuit has long held that a plaintiff entitled to rely on the U.S. Marshal for service “should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them,” and that, so long as the plaintiff has furnished accurate information to identify and locate the defendant, “the marshal's failure to effect service is automatically good cause” under Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Rather than rely on that doctrine to apply after the fact, Plaintiff requests that the Court enter an explicit order now: extending the September 15, 2026 deadline in Doc. 13 as to Best Western specifically, to run from the date the Marshal completes or is unable to complete service, and directing the Clerk not to apply Doc. 13's automatic-termination provision to Best Western while Marshal service remains pending. This is conditioned on — and supported by — Plaintiff's submission of a complete and accurate Process Receipt and Return, Form USM-285 (Ex. B),

identifying Best Western's statutory agent and verified physical address, submitted concurrently with this motion.

**IV. CONCLUSION AND RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1. Directing that the United States Marshals Service serve the Summons and Complaint on Defendant Best Western International, Inc. through its statutory agent, Corporation Service Company, 7955 S Priest Dr., Suite 102, Tempe, AZ 85284, pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d);

2. Directing the Clerk of Court to issue the Summons if not already issued, and to transmit the Summons, Complaint, and Form USM-285 to the United States Marshals Service for service;

3. Ordering, pursuant to Fed. R. Civ. P. 4(d)(2), that Defendant Best Western International, Inc. bear the expenses later incurred by the United States Marshals Service in effecting service, in the amount assessed under 28 C.F.R. § 0.114 and 28 U.S.C. § 1921, together with any related service expenses Plaintiff is required to advance; and

4. Extending the September 15, 2026 proof-of-service deadline in Doc. 13 as to Best Western specifically, pending completion of Marshal service, and directing the Clerk not to apply Doc. 13's automatic-termination provision to Best Western while such service remains pending.

## AI DISCLOSURE AND CERTIFICATION

Pursuant to this Court's Order Governing Proceedings (Doc. 13), Plaintiff discloses that a generative artificial intelligence tool, Claude (Anthropic), was used in the preparation of this filing. Plaintiff certifies that all representations, factual assertions, and legal citations contained in this filing have been independently reviewed and verified for accuracy.

## VERIFICATION

I, Jason Adam Jensen, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements in this motion, including those describing the July 6, 2026 telephone call with Best Western's counsel, Caroline Carmer Haspel, and the parties' related written correspondence, are true and correct to the best of my knowledge. The recording, transcript, and correspondence described in this motion are in my possession and retained; they are not attached as exhibits to this motion but are available for production upon request or upon order of the Court.

Respectfully submitted this 30th day of July, 2026.

//s/JasonAJensen

Jason Adam Jensen

919 N Stone Ave #5305

Tucson, AZ 85705

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I electronically filed the foregoing with the Clerk of Court, and further certify that I served a true and correct copy of the foregoing by email upon:

Caroline Carmer Haspel

Corporate Counsel, BWH Hotels

Caroline.Haspel@bwh.com

Ms. Haspel is corporate counsel for Defendant Best Western International, Inc. and has been in direct, substantive correspondence with Plaintiff regarding this litigation and the underlying dispute since at least October 2025, including correspondence and a recorded telephone call specifically addressing service of process under Rule 4 between June 17, 2026 and July 23, 2026. Service by email on Ms. Haspel is made to ensure Best Western and its counsel have direct notice of this motion in addition to service on Best Western's statutory agent, and is without waiver of Plaintiff's position that formal service has not yet been completed under Rule 4(h).

//s/JasonAJensen

Jason Adam Jensen